**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger Henry YOUNG, Defendant-Appellant.**

**No. 71-1870.**

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1972.

David Rothman, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. and Chief, Crim. Div., John M. Newman, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Roger Henry Young stands convicted of being a felon in possession of firearms, a violation of 18 U.S.C. App. § 1202(a) (1). On appeal he urges reversal because the Government failed to prove that the firearm was "in commerce or affecting commerce."

The Government, relying on previous decisions of this court, did not contend that evidence of or a finding of possession in or affecting commerce was essential to a verdict of guilty, and the district court ruled accordingly. However, on December 20, 1971, the Supreme Court in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488, held that under Title VII of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. App. § 1202(a) (1)) there must be "some demonstrated nexus with interstate commerce" before a conviction may be sustained. *Id.* at 349, 92 S.Ct. at 523.

Under the circumstances it is necessary that this case be remanded for further consideration in the light of *Bass*.

Reversed and remanded.